UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Joseph F. Tillery,                  )  C/A: 9:14-2530-SB-BM
                                      )
              Plaintiff,       )
                                      )  **REPORT AND RECOMMENDATION**
                                      )    **PARTIAL SUMMARY DISMISSAL**
vs.                              )
                                      )
Jaguar/Land Rover, Hilton Head; Land Rover, )
North America; Nicholas R. Felix; Krista M. )
McGuire; Carmen T. Mullen; William C. Clark, )
                                      )
             Defendants.     )
                                      )
_____ )

Plaintiff filed this matter pro se in the Southern District of Georgia, which transferred the action to this Court. Plaintiff's allegations involve his purchase of a used Range Rover sport utility vehicle (SUV) and subsequent problems he had with the SUV.

This action is before the Court for pre-service review. See 28 U.S.C. § 1915(e)(2)(B); In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir.1997) [pleadings by non-prisoners should also be screened]. Under established local procedure in this judicial district, a careful review has been made of the pro se complaint herein pursuant to the procedural provisions of § 1915, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir.1995) (en banc); and Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983).

Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against



possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding

that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted,"

or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

§ 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable

basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. Hence, under § 1915(e)(2)(B),

a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S.

319. Further, while this Court is also required to liberally construe pro se documents, holding them

to a less stringent standard than those drafted by attorneys, Erickson v. Pardus, 551 U.S. 89, 94

(2007)(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), the requirement of liberal construction

does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth

a claim currently cognizable in a federal court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th

Cir.1990).

**Discussion**

Plaintiff asserts that, on an unidentified date, he purchased a Range Rover Sport with

61,000 miles on it.  He claims that 20,000 of Land Rover's SUVs were defective, but Land Rover

did not issue a recall notice until December 2008 (after Plaintiff's SUV had failed three times).

Plaintiff claims that the second time his SUV's drive train failed he had it repaired by Jaguar/Land

Rover Hilton Head.  Plaintiff alleges the dealership found that the vehicle's engine was damaged and

tried to rebuild it, but the engine later failed.  Plaintiff also alleges that the dealership switched the

engine without his permission, and that the dealership forged his signature to get payment from an

extended warranty company.  Plaintiff alleges that he then took his SUV to another mechanic, and

it was determined that the replacement engine was installed incorrectly. Plaintiff hired an attorney



to help him and Jaguar/Land Rover allegedly admitted to "forgery # 1," but Jaguar/Land Rover stated

that Plaintiff's signature was on file and Plaintiff gave them permission to switch engines.  Plaintiff

demanded $60,000, and Jaguar/Land Rover agreed to settle the case after producing what appeared

to be Plaintiff's signature.  Plaintiff states that a second allegedly forged signature was given to him

by a mediator, and that the "Attorney for Defendant assured us that my signature was signed for

services and [Plaintiff] had not signed a loaner agreement when [Plaintiff] went to get [the] SUV."

Plaintiff asserts that the Jasper County, South Carolina court allowed Jaguar/Land

Rover to "commit a felony @ Legal Proceeding," and that he asked Defendant Judge Carmen T.

Mullen to set aside an agreement[1] after Plaintiff found "out that [Plaintiff's] signature had been

forged again." Plaintiff also requests that this Court bring criminal charges against Land Rover NA

and Jaguar/Land Rover Hilton Head,[2] award him $80,000, reopen the case at the federal level, and

investigate the Jasper County court.[3]

---

[1]The Jasper County case appears to have been settled for $7,500.  See ECF No. 1 at 5.

[2]To the extent Plaintiff is requesting criminal prosecution of the Defendants, it is well settled that an individual such as the Plaintiff here has no constitutional right to, or in fact any judicially cognizable interest in, the criminal prosecution or non-prosecution of another person.  See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)[A private citizen does not have a judicially cognizable interest in the prosecution or nonprosecution of another person]; Diamond v. Charles, 476 U.S. 54, 64–65 (1986) [applying Linda R.S. v. Richard D. and collecting cases]; Collins v. Palczewski, 841 F.Supp. 333, 340 (D.Nev.1993) ["Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"].  Therefore, Plaintiff cannot obtain this requested relief through the filing of this lawsuit.

[3]Longstanding precedents preclude the United States District Court for the District of South Carolina from reviewing the findings or rulings made by state courts.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983), where the Supreme Court of the United States held that a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257.  See also Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).  Hence, To the extent Plaintiff is unhappy with Judge Mullen's ruling(s), his remedy is an appeal to the appropriate state



Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and although the court must liberally construe a pro se complaint, the Unites States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678–79; Twombly, 550 U.S. at 570. Here, Plaintiff has provided insufficient factual information in the Complaint to state plausible causes of action against Defendants Nicholas R. Felix, Krista M. McGuire, and Williams C. Clark. Although Plaintiff names these three individuals in the caption of the Complaint, he makes no allegations against them in the body of his Complaint. These Defendants appear to be attorneys, since Plaintiff does allege that "Attorney for Defendant assured us that my signature was signed for services & I had not signed a loaner agreement when I went to get SUV [] from Dealership." ECF No. 1 at 4. However, Plaintiff has not identified which attorney (if indeed any of these three individuals) took this action, nor has he identified the basis for his claim. Thus, Defendants Felix, McGuire, and Clark are entitled to summary dismissal due to Plaintiff's failure to state a claim against them.

As for the Defendant Judge Mullen, she is a state circuit judge, and as such enjoys immunity from suit for all actions taken in her judicial capacity. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-64 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)[a suit by South Carolina inmate against two Virginia magistrates]; Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)["It has long been settled that a judge is absolutely immune from a

---

appellate court, not a separate lawsuit in federal court.



claim for damages arising out of his judicial actions."]; see also Siegert v. Gilley, 500 U.S. 226 (1991) [immunity presents a threshold question which should be resolved before discovery is even allowed]; Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) [absolute immunity "is an immunity from suit rather than a mere defense to liability"]; Accord Bolin v. Story, 225 F.3d 1234 (11th Cir. 2000)[discussing judicial immunity of United States District Judges and United States Circuit Judges].  Therefore, Judge Mullen is also entitled to dismissal as a party Defendant.

### Recommendation

For the foregoing reasons, it is recommended that Nicholas R. Felix, Krista M. McGuire, Carmen T. Mullen, and William C. Clark be dismissed, without prejudice, as party Defendants, without issuance and service of process.  In a separate serve order being entered this date, the Clerk is being authorized to issue summonses for the remaining Defendants.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

January 27, 2015
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005)(quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



6