IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| Joseph F. Tillery ) | CIVIL ACTION NO. 9:14-2530-SB-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Jaguar/Land Rover Hilton Head, Land ) | |
| Rover North America, Nicholas R. Felix, ) | |
| Krista M. McGuire, Carmen T. Mullen ) | |
| and William C. Clark, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This action was originally filed in the Southern District of Georgia, and was subsequently transferred to this United States District Court by Order filed June 20, 2014. In a Report and Recommendation for partial summary dismissal filed January 27, 2015, the undersigned recommended dismissal of the Defendants Felix, McGuire, Mullen, and Clark, without prejudice and without issuance and service of process.[1] The remaining Defendants are Jaguar/Land Rover Hilton Head and Land Rover North America.

The Defendant Land Rover North America filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on January 28, 2015. As the Plaintiff is proceeding pro se, a Roseboro order was

_____

[1]A final order has not yet been issued on that Report and Recommendation.

1



entered by the Court on January 29, 2015, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. The remaining Defendant Jaguar/Land Rover Hilton Head thereafter filed its own motion to dismiss on March 3, 2015,[2] following which a second Roseboro order was entered on March 4, 2015. Plaintiff filed memoranda in opposition to these two motions on March 3, 2015, and April 9, 2015, respectively. The Defendant Jaguar/Land Rover Hilton Head filed a reply memorandum on April 20, 2015. Plaintiff thereafter filed a supplemental reply on May 1, 2015.

These motions are now before the Court for disposition.[3]

**(Allegations of the Complaint)**

Plaintiff alleges in his verified complaint[4] that he purchased a used Range Rover Sport with 61,000 miles on it. Plaintiff alleges that the Defendant Land Rover North America had twenty thousand SUVs that were defective, but that the Defendant did not "put out [a] recall" until December 2008. Plaintiff alleges that his Range Rover had "failed 3 time prior to this". Plaintiff alleges that his "drive-train failure" (apparently failure number two) was repaired by the Defendant Jaguar/Land Rover Hilton Head, which discovered (apparently while undertaking the repairs) that Plaintiff's vehicle also needed a new engine. However, Plaintiff alleges that this Defendant "only

---

[2]The Defendant Jaguar/Land Rover Hilton Head asserts in its motion that its proper name is Prestige Motor Cars, LLC.

[3]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Defendants have filed motions to dismiss. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[4]In this Circuit, verified complaints by pro se litigants are to be considered as affidavits. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).



tried to rebuild engine with all new parts", and that this engine "failed also".

Plaintiff alleges that the Defendant Jaguar/Land Rover Hilton Head was told several times that he would be getting his vehicle repaired somewhere else, but that the dealership "switched engine" and "forge [his] signature to get payment from extended warranty co." Plaintiff alleges that "this engine failed also". Plaintiff alleges that he took his vehicle to Savannah, where a certified mechanic checked the engine and determined that it had been installed incorrectly. Plaintiff alleges that he reported this to the Defendant Jaguar/Land Rover Hilton Head as well as to the Defendant Land Rover North America, but "could get no help".

Plaintiff alleges that he then hired an attorney and commenced a legal action in state court in which he demanded sixty thousand dollars in damages. Plaintiff alleges that "Land Rover" agreed to settle his case during mediation, during which Plaintiff contends Land Rover produced a document bearing what appeared to be a "2nd forged signature". Plaintiff alleges that counsel for the Defendant assured him that his signature had been signed for services, although Plaintiff alleges that he had not signed a "loaner agreement" when he went to get his vehicle from the dealership. Plaintiff alleges that the "courts allowed Jaguar/Land Rover to commit a felony [at] legal proceedings", and that he asked the state court judge[5] to set aside the agreement "after finding out that [his] signature had been forged again".

In this lawsuit, Plaintiff is asking the Court to bring criminal charges against the Defendants Land Rover North America and Jaguar/Land Rover Hilton Head, that his state court case be reopened at the federal level as well as to have the state court investigated, and that he be awarded

---

[5]The Defendant Mullin, who the undersigned has recommended be dismissed as a party defendant in the Report and Recommendation previously referenced.



monetary damages.  See generally, Plaintiff's Verified Complaint.

## Discussion

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face".  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case; see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972); and as the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard.  However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990). Such is the case here.

First, Plaintiff cannot obtain a criminal investigation or criminal charges against the Defendants through this lawsuit.  See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) [A private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another]; Collins v. Paczewski, 841 F.Supp. 333, 340 (D.Nev. 1993) ["Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions'"].  Since the Plaintiff does not have a judicially cognizable interest in the criminal prosecution of another, he lacks standing to even raise such a claim.  Linda R.S. v. Richard D., 410 U.S. at 619.



This Court also does not have the jurisdiction or authority to "reopen" his state court lawsuit. A federal district court lacks the authority to review final determinations of state or local courts; rather, any such review can only be conducted by the United States Supreme Court pursuant to 28 U.S.C. § 1257. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). If Plaintiff wanted to contest the disposition of his state court lawsuit past the circuit court level, his remedy was to appeal any final order of the circuit court to the appropriate state appellate court. He cannot, however, seek any such review of the state circuit court's order through the filing of a lawsuit in federal court.

Finally, with respect to Plaintiff's damages claim against these two corporate defendants, both of these Defendants have presented exhibits to show that Plaintiff has already litigated this matter in state court in a lawsuit in which both of these corporate defendants were named defendants. See Defendant Land Rover North America Brief, attached Exhibit A; Defendant Jaguar/Land Rover Hilton Head Brief, attached Exhibit A.[6] As such, both Defendants argue, inter alia, that they are entitled to dismissal of this lawsuit pursuant to the doctrines of res judicata and collateral estoppel. The undersigned agrees.

The Defendants' exhibits show that Plaintiff's state law case was resolved as a result of a settlement and dismissal of that case with prejudice. See Defendant Jaguar/Land Rover Hilton

---

[6]The Court can consider these exhibits without converting Defendants' motions to a Rule 56 motion for summary judgment. Lowman v. City of Riveria Beach, 713 F.3d 1066, 1075 n. 9 (11th Cir. 2013) [holding that a district court may take judicial notice of public filings, such as other judicial proceedings, without converting a 12(b)(6) motion into a motion for summary judgment]; Sutton ex.rel. Rose v. Wachovia Securities, LLC, 208 Fed.Appx. 27, 29-30 (2d Cir. Dec. 7, 2006) [Court could consider other court records as public records on motion to dismiss]; Jones v. Dalrymple, No. 14-1245, 2015 WL 1706924 at * 3 (D.Kan. Apr. 15, 2015) [Court took judicial notice of the state court records in prior case involving same or relate parties].



Head Brief, attached Exhibits C and E. It is also noted that, in addition to asserting the same underlying claims that Plaintiff is now asserting here, Plaintiff also specifically raised the claim, in a motion to set aside the judgment in that lawsuit, that his signature had been forged on a second document, and that his motion to set aside the settlement on that ground was denied. Id., Exhibits D and F. Further, Plaintiff's attempt to appeal the circuit court's ruling in his state case was dismissed after he failed to provide proof of service of the notice of appeal. Id., Exhibit G. As such, the Defendants correctly note that since Plaintiff had the opportunity (and did) present his claims in his state court case, he may not relitigate those claims now in this federal lawsuit. Hilton Head Center of South Carolina, Inc. v. Public Service Commission of South Carolina, 362 S.E.2d 176, 177 (S.C. 1987) [Under the doctrine of res judicata "[a] litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit"'].

Under 28 U.S.C. § 1738, known as the Full Faith and Credit Statute, federal courts must give the same preclusive effect to a state court judgment as another court of that state would give. Therefore, as the pleadings in the case at Bar and in Plaintiff's state court action show that the parties or such parties privies[7] in this action and Plaintiff's state court action are the same, that there is identity of the subject matter, and there was an adjudication on the merits in the state court action, this federal case is barred and must be dismissed pursuant to the doctrine of res judicata. Riedman Corp. v. Greenville Steel Structures, Inc., 419 S.E.2d 217, 218 (S.C. 1992) [res judicata established

---

[7]Privies are persons who have mutual or successive relationships to the same property rights and were legally represented at trial. South Carolina Dep't of Social Servs v. Winyah Nursing Homes, 320 S.E.2d 464, 468-469 (S.C.Ct.App. 1984) (citing First Nat'l Bank of Greenville v. U.S. Fidelity & Guaranty Co., 35 S.E.2d 47 (S.C. 1945).



where there is identity of the parties, identity of the subject matter, and there was an adjudication of the issue in the former suit].

Further, Defendants also correctly note that, even if the parties in this lawsuit and his state court lawsuit are not privies, Plaintiff's claims in this law suit are nonetheless barred by the collateral estoppel doctrine, which prevents a party from re-litigating in a subsequent lawsuit an issue litigated and determined in a prior action. Stone v. Roadway Express, 627 S.E.2d 695, 698 (S.C. 2006)["Collateral estoppel prevents a party from re-litigating in a subsequent suit an issue actually and necessarily litigated and determined in a prior action"] (quoting Jinks v. Richland County, 585 S.E.2d 281 (S.C. 2003)); cf. United States v. Mendoza, 464 U.S. 154, 159 n. 4 (1984)["Defensive use of collateral estoppel occurs when a defendant seeks to prevent a plaintiff from relitigating an issue the plaintiff has previously litigated unsuccessfully in another action against . . . a different party"]; Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 n. 4 (1979). The requirements for collateral estoppel to apply are met in this case,[8] and Plaintiff cannot therefore now re-litigate in this lawsuit the merits of his settlement and the denial of his motion to reconsider in his state court lawsuit.

## Conclusion

Based on the foregoing, it is recommended that the corporate Defendants' motions

---

[8]For collateral estoppel to apply to an issue or fact, 1) the issue or fact must be identical to the one previously litigated; 2) the issue or fact must have actually been resolved in the prior proceeding; 3) the issue or fact must have been critical and necessary to the judgment in the prior proceedings; 4) the judgment in the prior proceeding must be final and valid; and 5) the party asserting the issue must have had a full and fair opportunity to litigate the issue or fact in the prior proceeding. Guess v. Reynolds, No. 10-1161, 2011 WL 3471054, at * 1, n. 1 (D.S.C. Aug. 8, 2011), citing In re Microsoft Corp. Antitrust Litigation, 355 F.3d 322, 326 (4th Cir. 2004). All of these criteria were met in the previous litigation. See Tillery v. Land Rover, NA, No. 11-CP-27018 (S.C. Circuit Court).



to dismiss be **granted**. Iqbal, 129 S.Ct. at 1949 [Complaint subject to dismissal under Rule 12 where allegations fail to set forth a plausible claim for relief]; Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) ["Complaint must contain facts which state a claim as a matter of law"]. Further, as the undersigned has already recommended dismissal of the remaining Defendants in this lawsuit in the previously issued Report and Recommendation, this case should be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

May 20, 2015
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

9

